## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## BISMARK DIVISION

| | | |
|---|---|---|
| DOOSAN BOBCAT NORTH AMERICA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | FILE NO.: |
| | ) | |
| JOHN DOE 1; and JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, DOOSAN BOBCAT NORTH AMERICA, INC., and hereby submits this Complaint, showing the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff DOOSAN BOBCAT NORTH AMERICA, INC. ("Plaintiff" or "Doosan")) is a corporation incorporated in Delaware and registered to conduct business in North Dakota.

2.

Defendant John Doe 1 is a citizen of another state or country, who has committed tortious acts within the State of North Dakota, has transacted business

within the State of North Dakota, and has committed acts that have caused injury within the State of North Dakota.

3.

Defendant John Doe 2 is a citizen of another state or country, who has committed tortious acts within the State of North Dakota, has transacted business within the State of North Dakota, and has committed acts that have caused injury within the State of North Dakota.

4.

Defendants John Doe 1 and 2 directed and committed fraudulent activities that targeted business transactions ("Business Transactions") between Doosan and Shin Il Precision CO., Ltd. ("Shin Il"), a South Korean corporation that supplies materials to Doosan, using emails sent to recipients located in North Dakota by which they intended to and did divert funds from the Business Transactions to recipients not associated with Doosan or Shin Il; masking themselves as a sender located in South Korea who conducted business in North Dakota to send fraudulent emails; and using multiple bank accounts and digital currency to receive and transfer funds fraudulently diverted from the Business Transactions.

5.

John Doe 1 is the owner of a bank account located at JPMorgan Chase Bank bearing account number xxxxx6375 (the "Chase Account"), an account that was not affiliated with any party to the business transactions but that fraudulently received funds from the Business Transactions intended for Shin Il.

6.

John Doe 2 is the person who directed John Doe 1 to receive and divert funds from the Business Transactions to unknown third parties, including parties located in the United States and overseas.

7.

Jurisdiction is proper in North Dakota federal and state courts pursuant to the North Dakota Long-Arm Statute, as Defendants were and are "transacting any business in this state," "committing a tort within or outside this state causing injury to another person or property within this state," or, alternatively, "committing a tort within this state, causing injury to another person or property within or outside this state" N.D. R. Civ. P. 4.

8.

A substantial part of the events underlying Plaintiff's claims took place in this District, in that the perpetrators of the fraud alleged herein targeted employees of

Plaintiff located in North Dakota and targeted a company headquartered in North Dakota. North Dakota has a substantial interest in providing a forum, rendering jurisdiction and venue in this Court proper.

9.

The exercise of jurisdiction by this Court over Defendants and banks and other persons and entities acting in concert with Defendants would not violate fairness and substantial justice.

10.

Jurisdiction is also proper in North Dakota federal courts pursuant to 28 U.S.C. § 1331 (federal question under RICO) and, alternatively, § 1332 (diversity of citizenship, as the amount in controversy exceeds $75,000 and, upon information and belief, the Defendants are citizens of states other than North Dakota).

11.

Venue is proper in the courts located in and covering Burleigh County, North Dakota, pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claim occurred in Burleigh County, North Dakota, located within the District of North Dakota, Bismarck Division. Specifically, Business Transactions involving a corporation headquartered in North Dakota were targeted by a fraudulent enterprise, of which Defendants are a part. *Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278,

1281 (8th Cir. 1994) (venue proper where it had substantial connection to plaintiff's claims); *National Egg Co. v. Bank Leumi Ie-Isreal*, B.M., 514 F. Supp. 1125, 1127-28 (N.D. Ga. 1981) (venue proper where activities targeted parties in the forum state).

FACTUAL BACKGROUND

12.

At all times relevant to this Complaint, Plaintiff Doosan's headquarters have been located in Burleigh County, North Dakota.

13.

At all times relevant to this Complaint, Shin Il operated a business in South Korea.

14.

At all times relevant to this Complaint, Doosan and Shin Il conducted business transactions such as the ones involved in this case, as Shin Il supplies components to Doosan.

15.

Pursuant to the business relationship between Doosan and Shin Il, Doosan communicated with different people from Shin Il, with email addresses ending in @shinil-brg.com.

5

16.

On March 26, 2024, an email that appeared to come from Shin Il's Sales Team Manager email account, nckim@shinil-brg.com, was sent by John Doe 1, John Doe 2, or one or more of their co-conspirators, to Doosan directing that the future payments be made through ACH to JPMorgan Chase Bank account number xxxxx6375 (the "Chase Account"), with intent to fraudulently divert funds from the Business Transactions to the Chase Account.

17.

Upon information and belief, the Chase Account was not affiliated with any party to the Business Transactions, nor did it belong to the intended beneficiary of funds for the Business Transactions, Shin Il.

18.

The owner of the Chase Account is unknown, but upon information and belief, is a person recruited by a fraudulent enterprise for the purpose of moving funds beyond the reach of the parties to the Business Transactions and Court process.

19.

On December March 26, 2024, Doosan received the ACH instructions for payment to the Chase Account. Following those instructions, Doosan made four payments to the Chase Account.

20.

On March 28, 2024, Doosan sent $84,640 to the Chase Account via ACH from its account at Bank of America. On April 11, 2024, Doosan sent $176,510 to the Chase Account via ACH from its account at Bank of America. On April 18, 2024, Doosan sent $92,520 to the Chase Account via ACH from its account at Bank of America. On May 2, 2024, Doosan sent $84,150 to the Chase Account via ACH from its account at Bank of America.

21.

Doosan's payments to the Chase Account intended for Shin Iltotal $437,820 (the "ACH Transfers").

22.

Because of the fraudulent wire/ACH instructions supplied by John Doe 1, John Doe 2, or their co-conspirators, the funds were transferred by Doosan into the Chase Account, which is owned by John Doe 1, a person not affiliated with the Business Transactions or Shin Il.

23.

John Doe 1 is an individual or business whose name is unknown, but who owns the Chase Account, which was the recipient of the ACH Transfers sent by Plaintiff who either acted with knowledge of the fraudulent nature of the fraud upon

the parties to the Business Transactions or with reckless indifference to the improper things John Doe 1 was doing or being asked to do as an instrumentality of the fraudulent scheme.

24.

Upon information and belief, John Doe 2 is an individual or business whose name is unknown, but who directed the fraudulent scheme alleged herein, including but not limited to: (1) directing that John Doe 1 set up the Chase Account and receive the ACH Transfers for fraudulent purposes; (2) planning and engaging in the fraud that preceded the ACH Transfers; and (3) receiving, negotiating, or disposing of the funds from the ACH Transfers.

25.

Attached as exhibits to this Complaint are the declaration of a Doosan employee with knowledge of these matters (Ex. 1); true and correct copies of the fraudulent email with the ACH instructions (Ex. 2); and confirmation of Doosan's sending of the ACH Transfers (Ex. 3).

26.

Plaintiff seeks the aid of the Court and the Court's laws and rules to discover the identity of the persons or businesses who own the Chase Account and who engaged in the fraudulent email wire instructions, assertion of dominion over funds

from the Business Transactions, and diversion of the funds into the Chase Account

(the "Fraudulent Transactions").

27.

In reliance on Defendants' instructions, Doosan completed four ACH

Transfers totaling $437,820 to the Chase Account between March 28, 2024, and May

2, 2024.

28.

Upon information and belief, Defendant John Doe 1 and/or Defendant John

Doe 2 accessed, used, transferred, converted, withdrew, and stole the funds that

Doosan transferred to the Chase Account.

<u>FIRST CLAIM FOR RELIEF – CIVIL RICO</u>

29.

Plaintiff hereby incorporates the preceding paragraphs of its Complaint by

reference.

30.

Plaintiff brings claims under the Racketeer Influenced and Corrupt

Organizations Act ("RICO") pursuant to the provisions of 18 U.S.C. § 1961, *et seq.*

31.

John Doe 1, John Doe 2, and their co-conspirators engaged in conduct of an enterprise through a pattern of racketeering activity that included interstate mail fraud, interstate wire fraud, and money laundering, including but not limited to violations of 18 U.S.C. §§ 1956(a)(2)(A) (money laundering), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), including but not limited to the use of ACH Transfers or ACH transfers to divert and hide fraudulently obtained funds, the use of the mails to mail cashier's checks to other participants in the scheme alleged herein, the use of Bitcoin and other digital assets to abscond with Shin Il's funds, and conducting financial transactions with proceeds of unlawful activity. Upon information and belief, Defendants John Doe 1, John Doe 2, and their co-conspirators knew that the funds were proceeds of unlawful activities at the time they transferred and converted the funds.

32.

Doosan has suffered damages in excess of $437,820, which damages were proximately caused by Defendants' RICO violations and Plaintiff is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants John Doe 1 and John Doe 2 should be liable to Plaintiff. Shin Il has also suffered damages from Defendants' conduct, in that it was the intended recipient of the ACH Transfers

instruction from Defendants and who relied upon the wiring instructions provided by John Doe 1 and John Doe 2 to its detriment.

33.

The transactions by Defendants alleged herein were part of a pattern of racketeering activity, including but not limited to transfers of other stolen funds received by, contained in, and transferred from the Chase Account and other accounts used in the scheme, along with funds from other, similar fraudulent schemes targeting other persons and entities in North Dakota and other States and countries.

34.

Upon information and belief, John Doe 1 and John Doe 2's transactions alleged herein were not isolated in light of the complex nature of the scheme to hack email accounts, intercept communications, and fraudulently direct and divert funds to the Chase Account.

35.

Defendants and their co-conspirators engaged in secrecy, disguising and hiding their true identities from the parties to the Business Transactions, posing as Shin Il's representative, and directing funds from the ACH Transfers to the Chase Account using this false identity. Further, upon information and belief, Defendants

and their co-conspirators sent emails to Shin Il posing as Plaintiff's employees using character-substitution emails from the domains doosana.com and doosans.com. This secrecy demonstrates intentional conduct by Defendants. See, e.g., *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

36.

Defendants went to great lengths to hide their scheme from Plaintiff, including hiding their identities, supplying false ACH instructions, and soliciting participants to accomplish the ends of the scheme. Defendants also sent emails to Shin Il as if the emails were coming from Doosan, in an attempt to delay the discovery of the fraud.

37.

Plaintiff has suffered damages in excess of $437,820, which damages were proximately caused by Defendants' RICO violations, and is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants are liable to Plaintiff.

SECOND CLAIM FOR RELIEF – MONEY HAD AND RECEIVED

38.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

39.

Defendant John Doe 1 and/or Defendant John Doe 2 directed funds from the Business Transactions to be transferred into the Chase Account for the benefit of Defendant John Doe 1 and John Doe 2. These funds constitute money which Defendants John Doe and John Doe 2 are not entitled in good conscience to retain and which in equity and good conscience, they should pay to Plaintiff.

40.

Defendants John Doe 1 and John Doe 2 have the obligation in equity and good conscience to repay the funds that were transferred by the ACH Transfers to the Chase Account, which funds were wired into said account as the result of fraud.

41.

Defendants John Doe 1 and John Doe 2 have caused damage to Plaintiff by engaging in the Fraudulent Transactions and directing funds from the Business Transactions to the Chase Account, for which they should be liable in damages and for injunctive relief ordering that they and all persons acting in concert with them cease all transfers or negotiation of the funds and return the funds to Plaintiff.

THIRD CLAIM FOR RELIEF – FRAUD

42.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

43.

Defendants John Doe 1 and John Doe 2 obtained funds intended for Shin Il through a fraudulent scheme as alleged above. Defendants John Doe 1 and John Doe 2 either committed these acts themselves or acted through agents over whom they controlled the time, manner, method and means of committing the fraud, or with a co-conspirator, for the purpose of transferring the funds into the Chase Account.

44.

Defendants John Doe 1 and John Doe 2 knew they did not own the funds from the Business Transactions, and they provided fraudulent documents for the purpose of fraudulently obtaining the funds from the Business Transactions.

45.

Defendants John Doe 1 and John Doe 2 intended that Plaintiff rely on their misrepresentations as to their identity and the affiliation of the Chase Account with the Business Transactions.

46.

Plaintiff foreseeably relied on the aforesaid misrepresentations by Defendants.

47.

The actions of Defendants John Doe 1 and John Doe 2 constitute fraud for which Plaintiff is entitled to recover damages from Defendants John Doe 1 and John Doe 2.

48.

Defendants John Doe 1 and John Doe 2 committed fraud, for which they should be liable in damages and for injunctive relief ordering that they and all persons acting in concert with them cease all transfers or negotiation of the funds and return the funds to Plaintiff.

FOURTH CLAIM FOR RELIEF – CIVIL CONSPIRACY

49.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

50.

Upon information and belief, Defendants John Doe 1 and John Doe 2 conspired and agreed with each other and with one or more other persons and entities to commit the fraudulent acts set forth herein.

51.

As set forth above, Defendants John Doe 1, John Doe 2, and their co-conspirators acted pursuant to a common intent and design with other individuals and/or entities to fraudulently move, through a series of transactions, funds intended for the Business Transactions to the Chase Account.

52.

Plaintiff was damaged by the aforesaid conspiracy, for which Defendants John Doe 1 and John Doe 2 are liable in damages.

<u>FIFTH CLAIM FOR RELIEF</u>
<u>UNJUST ENRICHMENT/CONSTRUCTIVE TRUST</u>

53.

Plaintiff hereby incorporates the preceding paragraph of this Complaint by reference.

54.

As set forth above, Defendants John Doe 1 and John Doe 2 fraudulently obtained funds rightfully belonging to Plaintiff through a series of acts that ultimately caused Plaintiff to transfer $437,820 intended for Shin Il into the Chase Account via ACH.

55.

Defendants John Doe 1 and John Doe 2 and their co-conspirators should not be allowed to enjoy the beneficial interest or ownership of the funds fraudulently transferred without violating established principles of equity.

56.

A constructive trust should be imposed on all funds traceable to the ACH Transfers to the Chase Account to prevent unjust enrichment of John Doe 1 and John Doe 2.

SIXTH CLAIM FOR RELIEF – INJUNCTIVE RELIEF

57.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

58.

As set forth above, there is a substantial likelihood that Plaintiff will prevail on the merits of its claims. If this injunction is not granted, Plaintiff stands to suffer irreparable injury, loss and damage if Defendants or their co-conspirators further negotiate from the Chase Account or use proceeds from the stolen funds in the Chase Account. In light of the fraudulent activity which resulted in money entering into the recipient accounts, including but not limited to the Chase Account, Defendants are

likely to dispose of Plaintiff's property and funds if the relief requested herein is not granted. The threatened injury to Plaintiff outweighs the threatened harm the injunction may do to Defendants. Granting an injunction will not disserve the public interest in that there is no public interest in recipients of fraudulent transfers retaining such funds.

59.

An injunction, including but not limited to an asset freeze and a freeze on the Chase Account, is warranted and should be issued on a temporary and permanent basis pursuant to Federal Rule of Civil Procedure 65. The injunction should restrain Defendants, all persons acting in concert with or in participation with any of them, their officers, directors, beneficial owners, signatories, agents, representatives, successors, assigns, any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies that engage in the processing or transferring of money and/or real or personal property, who receive actual notice of the Court's Order by personal service or otherwise from, without prior approval of the Court, transferring, disposing of, or secreting any money or proceeds of money from Defendants and their co-conspirators and any other assets of Defendants and their co-conspirators from accounts associated with or utilized by any of the Defendants and their co-

conspirators, or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, into or out of any accounts associated with or utilized by any of the Defendants, regardless of whether such accounts are located in the United States or abroad, including but not limited to the Chase Account. This Order should include but not be limited to any and all accounts and assets utilized or owned by Defendants John Doe 1 and John Doe 2.

SEVENTH CLAIM FOR RELIEF – PUNITIVE DAMAGES

60.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

61.

Upon information and belief, the actions of Defendants John Doe 1 and John Doe 2 acted intentionally; deliberately disregarded the rights of others with knowledge of the facts or intentional disregard of the facts creating a high probability and high degree of probability of injury to the rights of others; authorized the aforesaid acts; and ratified and approved the acts of others involved in the conspiracy to obtain the Business Transactions funds. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants John Doe 1 and John Doe 2 under NDCC 32-03.2-11(1).

19

WHEREFORE, Plaintiff prays for the following relief:

1) That process issue in accordance with the law;

2) That Plaintiff has a judgment for injunctive relief and disgorgement of funds wrongfully taken, received, and misappropriated by Defendants, including but not limited imposing an asset freeze on assets of Defendants, Defendants' accounts, the accounts of all beneficial owners of the Chase Account and signatories on the Chase Account, including but not limited to the Chase Account, and all other accounts which received the fraudulently transferred funds set forth herein;

3) That Plaintiff be awarded compensatory, nominal, treble, and general damages against Defendants John Doe 1 and John Doe 2;

4) That Plaintiff be awarded punitive damages against Defendants John Doe 1 and John Doe 2;

5) That Plaintiff be awarded all costs of this action and attorneys' fees against Defendants John Doe 1 and John Doe 2; and

6) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted, this, the 6th day of August, 2024.

LARSON KING, LLP

By:  */s/Anthony J. Novak*
Anthony J. Novak
ID No. 08105
2800 Wells Fargo Place
Phone: (651) 312-6500
Fax: (651) 312-6618
Email: tnovak@larsonking.com

**Attorney for Plaintiff**


COPELAND, STAIR, VALZ & LOVELL, LLP

By:  */s/Mark D. Lefkow*
Mark D. Lefkow
Georgia Bar No. 004289
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia 30303
Phone: (404) 522-8220
Fax: (404) 523-2345
Email: mlefkow@csvl.law
*(Pro Hac Vice Application Pending)*

**Attorney for Plaintiff**