IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Doosan Bobcat North America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING EMERGENCY** |
| | ) | **MOTION FOR LEAVE TO CONDUCT** |
| vs. | ) | **PRE-SERVICE DISCOVERY** |
| | ) | |
| John Doe 1-5, | ) | Case No. 1:24-cv-152 |
| | ) | |
| Defendants. | ) | |

Plaintiff Doosan Bobcat North America, Inc. ("Doosan") initiated the above-captioned action on August 12, 2024, by complaint. (Doc. No. 1). On August 14, 2024, it filed, among other things, an amended complaint, a motion for temporary restraining order (ex parte) and preliminary injunction, and an emergency motion for leave to conduct pre-service discovery. (Doc. Nos. 9). On August 14, 2024, the Court issued an order granting Doosan's motion for a temporary restraining order. For good cause shown, the undersigned now grants Doosan's emergency motion for leave to conduct pre-service discovery.

**I.   BACKGROUND**

The following facts are taken from the declaration filed by Doosan in conjunction with its emergency motion and are presumed true for the purposes of this order.

Plaintiff Doosan Bobcat North America, Inc. ("Doosan") is a Delaware corporation headquartered in North Dakota. (Doc. No. 9-2 at ¶¶ 3, 16). It transacts business with two South Korean suppliers, Shin Il Precision Co., Ltd. and Shin Il Global (collectively "Shin Il"). (Id. at ¶ 3). In so doing it regularly communicates via email with Shin Il representatives. (Id. at ¶ 4).

Between December 2023 and June 2024, acting pursuant to instructions its accounting

1

department had received via emails from an address that appeared to belong to a Shin Il representative, Doosan sent money from its account to Bank of America account number xxxxxxxx9292 ("BOA Account") via the Automated Clearing House ("ACH")[1] five times, transferred funds from its account to JPMorgan Chase Bank account number xxxxx6375 ("Chase Account 6375") via ACH four times, and once transferred funds from its account to Morgan Chase Bank account number xxxxx5152 ("Chase Account 5152." (Id. at ¶¶ 7 through 9, 13). Doosan's accounting department also received instructions from this same person to transfer funds to JPMorgan Chase Bank account number xxxxx7378 ("Chase Account 7378") only to be subsequently instructed to transfer funds to Chase Account 5152 instead. (Id. at ¶¶ 10 through 12).

Shin Il never received the money sent by Doosan to the BOA Account and Chase Accounts. (Id. at 15). Doosan does not know who the holders of the BOA Account and Chase Accounts are. (Id.).

Doosan initiated the above action against John Does 1 through 5 by Complaint on August 12, 2024. (Doc. No. 1). It now requests leave to issue pre-service subpoenas, including subponeas duces tecum and subpoenas for depositions, and conduct pre-service discovery as to the identities of the Defendants, the disposition of funds it sent via ACH to the BOA Account and the Chase Accounts, the "means and manner of disposition by Defendants and their co-conspirators of [its] funds, and the disposition of funds transferred to and from the BOA Account and the Chase Accounts." (Doc. No. 9).

**II.     DISCUSSION**

---

[1] ACH "is an electronic funds-transfer system run by Nacha." <https://www.investopedia.com/terms/a/ach.asp>

Rule 26(d) of the Federal Rules of Civil Procedure prohibits a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). This rule places Doosan in a difficult situation where it is not able to confer with Defendants as required by Rule 26(f) because it cannot identify Defendants.

"Though the Eighth Circuit Court of Appeals has not adopted a standard to govern when a court should permit expedited discovery, district courts in the Eighth Circuit have generally applied a 'good cause' standard in determining whether early discovery is appropriate." Strike 3 Holdings, LLC v. Doe, No. 18-CV-0778 (PJS/HB), 2018 WL 2278111, at *2 (D. Minn. May 18, 2018) (citing, Planned Parenthood Ark. & E. Okla. v. Gillespie, No. 4:15–cv–566–KGB, 2018 WL 1904845, at *1 (E.D. Ark. Mar. 20, 2018); Nilfisk, Inc. v. Liss, No. 17–cv–1902 (WMW/FLN), 2017 WL 7370059, at *7 (D. Minn. June 15, 2017); Loeffler v. City of Anoka, No. 13–cv–2060 (MJD/TNL), 2015 WL 12977338, at *1 (D. Minn. Dec. 16, 2015); Oglala Sioux Tribe v. Van Hunnik, 298 F.R.D. 453, 455 (D.S.D. 2014); Wachovia Sec., L.L.C. v. Stanton, 571 F. Supp. 2d 1014, 1050 (N.D. Iowa 2008); Monsanto Co. v. Woods, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

Having reviewed the record and applied the good cause standard, the court is inclined to allow Doosan to engage in pre-service discovery. First, Doosan has asserted actionable claims against John Does 1 through 5 for civil RICO, fraud, unjust enrichment, constructive trust, civil conspiracy, and injunctive relief. Second, Doosan's discovery request is limited to information related to holders of specific accounts and wire transfers in and of specific accounts over a limited period of time. Third, there appears to be no other means of ascertaining the identities of the Defendants other than with third-party subpoenas. Fourth, the information sought by Doosan is

necessary to advance its claims.  Without the true identity of Defendants, Doosan is unable to properly serve summonses and its amended complaint.

### III.     CONCLUSION

Doosan's emergency motion for the for leave to conduct pre-service discovery (Doc. No. 9) is **GRANTED**.  Doosan may issue subpoenas to:

(1) ascertain the identities of John Does 1 through 5;

(2) identify those persons or entities who caused or contributed to funds from Doosan's business transactions allegedly

(3) discover facts and documents relating to the disposition of funds in and from BOA Account, Chase Account 6375, Chase Account 7378, and "Chase Account

(4) discover facts and documents relating to the wire transfers or ACH transfers into the BOA Account, the Chase Account 6375, the Chase Account 7378, and the Chase Account 5152 that occurred on December 23, 2023, January 25, 2024, February 8, 2024, March 7, 2024, March 21, 2024, March 28, 2024, April 11, 2024, April 18, 2024, May 2, 2024, and June 6, 2024 ("ACH Transfers");

(5) discover facts and information relating to the location of the funds and subsequent transfers of the funds from the ACH Transfers;

(6) trace the funds from the ACH Transfers; and

(7) discover facts and information relating to all other assets, proceeds of assets, and disposition of assets of the holder of the BOA Account, the Chase Account 6375, the Chase Account 7378, and the Chase Account 5152 and subsequent transferees of the funds from the ACH Transfers

Recipients of the subpoenas shall give notice to the account holders of the subpoenas issued pursuant to this Order to allow the account holders an opportunity to object prior to production of the documents subpoenaed

**IT IS SO ORDERED.**

Dated this 16th day of August, 2024.

<u>/s/ Clare R. Hochhalter</u>
Clare R. Hochhalter, Magistrate Judge
United States District COurt